# Johnstown Annexation

Before McDonald and Wolfe, JJ.

*William Shahade* and *Samuel R. DiFrancesco*, for City of Johnstown.

*Donald J. Letizia*, for Borough of Lorain.

*Paul D. Larimer*, for Township of Stonycreek.

PER CURIAM, March 24, 1960.—On December 29, 1959, pursuant to Act of September 23, 1959, P. L. 940, 53 PS §35561, the Council of the City of Johnstown, referred to as appellee, passed Ordinance No. 3391 annexing an area of 94.212 acres lying partly in Stonycreek Township, a township of the first class, and partly in Lorain Borough. Constructed in this area, which is known as "Belmont", are low rental residential properties owned, maintained and supervised by the Johnstown Housing Authority.

Stonycreek Township and Lorain Borough, referred to as appellants, have filed an appeal to this court

questioning the validity of the annexation ordinance. Since the appeal raises a doubt of the residence of the inhabitants of the area for tax purposes and speedy disposition is therefore desired by all parties, it was heard by the court en banc.

The following facts have been stipulated: (1) Lots 71 and 72 in the Plan of Moxhamvu, included in the description of the property annexed, are owned by Joseph and Mary Konchan; (2) part of the annexed land lying in Stonycreek Township is contiguous to the appellee; (3) there has been no referendum for the annexation of land in Stonycreek Township in the last four years; (4) the Johnstown Housing Authority is the owner of the annexed property, with the exception of the Konchan lots.

Testimony was taken to determine whether any of the described annexed land was within the limits of Lorain Borough and contiguous to appellee. From this testimony we are satisfied that 19.382 acres are within the borough, but not contiguous at any point to the appellee.

Appellants have offered many objections to the validity of the ordinance. We need discuss only one of these in concluding the Act of 1959 does not apply to annexation by a third class city of land lying in a first class township. This is apparent upon review of the various acts relating to annexation by such municipalities.

The Third Class City Code of June 23, 1931, P. L. 932, art. V, sec. 501 et seq., 53 PS §35501, is a codification of the law relating to annexation of contiguous land by a city of the third class. It provides the method for annexation by a city, of boroughs and townships of the first and second class, or parts thereof.

The Act of July 2, 1937, P. L. 2803 et seq., 53 PS §59101, provides the method of annexation of a town-

ship of the first class and parts thereof to cities and boroughs. Under this act the proceeding to annex is initiated by petition of township electors "equal to at least ten per centum of the highest vote cast for any office in any township of the first class contiguous to a city or borough at the last preceding general election, or whenever ten per centum of the qualified electors, residing within any part of a township of the first class contiguous to a city or a borough, . . ." to the council of such city or borough. A referendum on the question of such annexation is then held at the primary election. Section 10 of the act specifically repeals article V of the Act of 1931, so far as it relates to annexation of a township of the first class, or a part thereof, to a city or a borough.

The Third Class City Code was reënacted, amended, revised and consolidated by Act of June 28, 1951, P. L. 662, sec. 1, et seq. Article V, sec. 501, of the Act of 1931 was reënacted en toto with only a minor change in the wording of subsection (b). Section 4701 of this act specifically saved the Act of 1937 from repeal.

Therefore the Act of 1937, not having been repealed or amended after 1951, when it was made applicable in counties of the second class, is existing law and provides the only method whereby annexation of townships of the first class, or parts thereof, to cities or boroughs may be accomplished.

The Act of May 27, 1957, P. L. 210, added to article V of the Act of 1951 sections 561 and 562 under subheading (h). This amendment provided that land owned by and contiguous to a city may be annexed by ordinance. The Act of September 23, 1959, P. L. 940, amends section 561 by permitting annexation, in addition to contiguous lands owned by the city, or land owned by a "municipal authority created solely by said city." Appellee, contending the Johnstown Housing

Authority is a "municipal authority" under the purview of this act, adopted Ordinance No. 3391.

It is apparent that annexation of a first class township or a part thereof must be in accordance with the method set forth in the Act of 1937. The Amendments of 1957 and 1959 apply only to annexation by a third class city of boroughs and second class townships. We conclude therefore, annexation of that part of the "Belmont" area, which lies in Stonycreek Township, a first class township, may only be effected under the Act of 1937 by petition of the electors and referendum.

Since annexation of that part of the described land which is within the limits of Lorain Borough, depends for its contiguity to appellee on the annexation of land in Stonycreek Township, it also must fail.

Accordingly we make the following

### Order

Now, March 24, 1960, upon consideration of the record and briefs, the appeal of Stonycreek Township and Lorain Borough is sustained;

And it is further adjudged and decreed that Ordinance No. 3391 of the City of Johnstown, annexing portions of said township and borough to the city, is invalid and of no effect.